UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE D. WHITTAKER, AT6483,<br>Petitioner,<br>v.<br>WILLIAM MUNIZ, Warden,<br>Respondent. | Case No. 16-4572 SK (PR)<br>**ORDER TO SHOW CAUSE**<br>(ECF Nos. 2 & 3) |

Petitioner, a state prisoner incarcerated at Salinas Valley State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction and sentence from San Francisco County Superior Court. He also seeks appointment of counsel and leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

The petition is properly before the undersigned for initial review because petitioner has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

## BACKGROUND

Petitioner was convicted by a jury of multiples crimes against four separate victims: attempted residential robbery, two counts of residential burglary committed while a person was home, two counts of assault by means of force likely to cause great bodily injury, inflicting injury on an elder with force likely to cause great bodily injury with personal infliction of great bodily injury, and possession of stolen property. The court also found petitioner had three prior robbery convictions and, on May 5, 2014, sentenced him to five consecutive indeterminate life terms under California's Three Strikes law and additional enhancements.

Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California, which on March 9, 2016 denied review of a petition allegedly raising the same claims raised here.

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

### B. Claims

Petitioner seeks federal habeas corpus relief based on three claims: (1) the trial court improperly directed a verdict on his plea of not guilty by reason of insanity; (2) the trial court improperly denied his motion to continue the trial; and (3) his sentence of consecutive life sentences in unconstitutional. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

### C. Request for Appointment of Counsel

Petitioner seeks appointment of counsel on the ground that he is "developmentally disable[d]" and that this "makes it hard for [him] to read" and "understand[] materials regarding his case." Mot. (ECF No. 2) at 1. Petitioner's request (ECF No. 2) is DENIED without prejudice because petitioner, perhaps alone or perhaps with the assistance of another inmate, clearly presented in his petition his three claims for relief, which he litigated on direct appeal with the assistance of counsel, and an order to show cause is issuing. Accord Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (denial of

United States District Court
Northern District of California

appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum). Petitioner may renew his request if the circumstances of the case change and the court will appoint counsel on its own motion if an evidentiary hearing is later required. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, decision to appoint counsel in habeas corpus proceedings is within discretion of district court; appointment of counsel mandatory if evidentiary hearing is required).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed IFP (ECF No. 3) is GRANTED.

2. The clerk shall serve (1) a copy of this order, (2) the petition and all attachments thereto, and (3) a notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form (requesting that respondent consent or decline to consent within 28 days of receipt of service), on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner must serve and file an opposition or statement of non-opposition not more than 28 days after the motion is served

1 and filed, and respondent must serve and file a reply to an opposition not more than 14
2 days after the opposition is served and filed.

3     5.    Petitioner is reminded that all communications with the court must be served
4 on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner
5 must also keep the court and all parties informed of any change of address.

6     **IT IS SO ORDERED.**

7 Dated:  August 23, 2016      
_____
8     SALLIE KIM
    United States Magistrate Judge

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28